1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20530 | ) ) ) ) | Civil Action No. 1:13-cv-00005 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SEARS, ROEBUCK AND CO.; KMART<br>CORPORATION; and KMART.COM LLC;<br>corporations, 3333 Beverly Road,<br>Hoffman Estates, IL  60179 | ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE, AND OTHER RELIEF**

Plaintiff, the United States of America, acting upon the notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its complaint alleges that:

1.      Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(B), 13(b), and 16(a) of the Federal Trade Commission Act as amended ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), 53(b), and 56(a), to obtain monetary civil penalties, injunctive, and other relief for Defendants' violations of the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et seq.*, the Rules and Regulations Under the Textile Fiber Products Identification Act, 16 C.F.R. Part 303 ("Textile Rules"), and injunctive relief for violations of Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1).

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a).  This action arises under 15 U.S.C. § 45(a).

3.      Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

**DEFENDANTS**

4.      Defendant Sears, Roebuck and Co. ("Sears") is a New York corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

5.      Defendant Kmart Corporation ("Kmart") is a Michigan corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

6.      Defendant Kmart.com LLC ("Kmart.com") is a Delaware limited liability corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

7.      At all times material to this complaint, Defendants have participated in the acts and practices described in this complaint.  Defendants transact business in this district, including through their websites, www.sears.com, www.kmart.com, and www.thegreatindoors.com.

**COMMERCE**

8.      At all times material to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANTS' BUSINESS PRACTICES**

9.      Defendants market and sell textile fiber products throughout the United States using their websites and their retail stores.

10.      Defendants sell private label and retail textile products.  Defendants' private label products are manufactured under their direction.  Defendants purchase their retail products from a vendor and then resell them.

//

11.     Defendant Sears's private label and retail textile products are displayed on www.sears.com.

12.     In advertisements for textile fiber products on its websites, Defendants make or have made various claims concerning the fiber content of those textile fiber products.

13.     On the www.sears.com and www.kmart.com websites, Defendants have claimed, without qualification, that the textile fiber in numerous products is "bamboo":

a.     For example, in the product description for the "Pure Fiber **100% Bamboo** Sheet Set," Defendant Sears has claimed that the sheet set is "**100% Bamboo**" (emphasis added).

b.     Defendant Sears also sells a "Ty Pennington Style Bamboo Sheet Set," which it has claimed is comprised of "55% Bamboo/45% Cotton." In the product description for the sheet set, Defendant Sears has stated: "Get hip to the environment with these **eco-friendly bamboo** pillowcases. **Infused with bamboo**, these pillowcases are extremely soft and crafted with attention to comfort and luxury" (emphasis added).

c.     In the product description for the "Attention Women's Bamboo Jacquard Crew Socks," Defendants Kmart and Kmart.com have stated: "This crew sock is made with **eco-friendly bamboo fabric**, with woven jacquard patterns" (emphasis added).

14.     In addition, on its www.sears.com website, Defendant Sears has sold textile fiber products labeled as "bamboo."

15.     For example, on March 16, 2010, the Commission purchased the "Momo Baby Bamboo Blanket" and the "Bahama Spa Tradewinds Towel" from the www.sears.com website. The fiber content label sewn onto the blanket stated that the fiber content of the blanket was "80% Bamboo, 20% Organic Cotton." The product packaging also included a label attached to a ribbon that stated: "Textiles made of bamboo have natural anti-bacterial, anti-fungal and odor-resistant properties, even after multiple washings . . . Completely biodegradable." The product packaging of "Bahama Spa Tradewinds Towel" indicated that the product was "Bamboo/Cotton" and "Made from 100% natural and renewable fibers." The fiber content label sewn onto the blanket stated the fiber content was "75% Bamboo, 25% Cotton."

16.     Private label and retail textile fiber products marketed and sold by Defendants as bamboo, including those described in paragraphs 13 through 15 above, are rayon and not actual bamboo fiber woven into fabric.

17.     Rayon is the generic name for a type of regenerated or manufactured fiber made from cellulose.  Rayon is manufactured by taking purified cellulose from a plant source, also called a cellulose precursor, and converting it into a viscous solution by dissolving it in one or more chemicals, such as sodium hydroxide.  The chemical solution is then forced through spinnerets and into an acidic bath where it solidifies into fibers.

18.     Many plant sources may be used as cellulose precursors for rayon fabric, including cotton linters (short cotton fibers), wood pulp, and bamboo.  Regardless of the source of the cellulose used, the manufacturing process involves the use of hazardous chemicals, and the resulting fiber is rayon and not cotton, wood, or bamboo fiber.  *See* 40 C.F.R. Part 63 ("National Emissions Standards for Hazardous Air Pollutants: Cellulose Products Manufacturing").

19.     "[H]azardous air pollutants (HAP) emitted from cellulose products manufacturing operations" include carbon disulfide, carbonyl sulfide, ethylene oxide, methanol, methyl chloride, propylene oxide, and toluene.  40 C.F.R. § 63.5480.

20.     Pursuant to the Textile Act and Rules, textile products must be labeled and advertised using the proper generic fiber names recognized or established by the Commission. Manufactured textile products composed, in whole or in part, of regenerated cellulose fiber must be labeled and advertised using a generic fiber name such as rayon.

## PRIOR COMMISSION PROCEEDINGS CONCERNING TEXTILE FIBER PRODUCT MISREPRESENTATIONS

21.     In August 2009, the Commission announced three settlements and one administrative action against marketers improperly labeling and advertising rayon textile products as "bamboo."  In addition to publicly announcing these cases, the Commission issued a Business Alert to remind marketers of the need to label and advertise textile products properly and to clarify that "bamboo" is not a proper generic fiber name for manufactured rayon textile

//

fibers. The press release announcing the four cases and the Business Alert were disseminated widely throughout the marketplace.

22.     On January 27, 2010, the Commission sent Defendants a letter ("Warning Letter"), by express mail, informing Defendants that certain acts or practices in connection with the advertising and labeling of textile fiber products may violate the Textile Act and the Textile Rules and are unfair or deceptive under Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).

23.     Defendants received the Warning Letter on February 2, 2010.

24.     Enclosed with the Warning Letter was a synopsis of previous litigated decisions issued by the Commission, as well as instructions to contact Commission staff or to visit the Commission's website at http://www.ftc.gov/bamboo to obtain complete copies of the Textile Act, Textile Rules, and the Commission's Final Orders and Opinions in the proceedings described in the synopsis.

25.     As detailed in the synopsis enclosed in the Warning Letter, in a series of litigated decisions, the Commission determined, among other things, that:

    a.      both manufacturers and sellers of textile fiber products must comply with the Textile Act and the Textile Rules, *see H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor- Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962); and

    b.      it is an unfair or deceptive act or practice to falsely or deceptively stamp, tag, label, invoice, advertise, or otherwise identify any textile fiber product regarding the name or amount of constituent fibers contained therein, *see Verrazzano Trading Corp., et al.*, 91 F.T.C. 888 (1978); *H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor- Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962).

26.     The Warning Letter also notified Defendants of their potential liability for civil penalties under Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), for knowingly engaging in acts or practices determined by the Commission to be unfair or deceptive and unlawful, as described in Paragraph 25 of this Complaint.

//

27.     Even after receiving the Warning Letter, Defendants continued to market and sell private label and retail rayon textile fiber products advertised and labeled as "bamboo."  As a result, on April 13, 2010, the Commission issued a civil investigative demand ("CID") to Defendants, seeking documents and information relating to its advertising, labeling, and sales of such textile products, including samples of any such products that Defendants contended were composed of actual bamboo fiber and not of rayon.  Defendants produced no such samples and have not otherwise asserted that any of the private label or retail textile fiber products they sell are "bamboo."

28.     Despite the Commission's public announcements and the Warning Letter, Defendants continued to engage in practices, such as those described in Paragraphs 13 through 15 above.

29.     The practices described in Paragraphs 13 through 15 above are violations of the Textile Act and the Textile Rules, and are deceptive acts or practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1).

## VIOLATIONS OF THE TEXTILE ACT AND THE TEXTILE RULES

30.     The Textile Act governs, *inter alia*, the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce. *See* 15 U.S.C. § 70a.

31.     Under the Textile Act, a textile fiber product is "misbranded if it is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein."  15 U.S.C. § 70b(a).

32.     Pursuant to section 70e of the Textile Act, 15 U.S.C. § 70e(c), the Commission promulgated the Textile Rules, which state:

a.     all textile fiber products must carry affixed labels stating the recognized generic names of the constituent fibers, 16 C.F.R. §§ 303.15; 303.16(a)(1);

b.     no generic name for a manufactured fiber may be used until such generic name has been "established or otherwise recognized by the Commission," 16 C.F.R. § 303.8;

//

c.     "[w]ords, coined words, symbols or depictions, (a) which constitute or imply the name or designation of a fiber which is not present in the product . . . [may] not be used in such a manner as to represent or imply that such fiber is present in the product." 16 C.F.R. § 303.18. Any term used in advertising, including internet advertising, that constitutes or connotes the name or presence of a textile fiber is deemed to be an implication of fiber content, 16 C.F.R. § 303.40; and

d.     any information or representation included in advertising or labeling of a textile fiber product that is not required under the Textile Act or the Textile Rules "shall in no way be false, deceptive, or misleading as to fiber content and shall not include any names, terms, or representations prohibited by the [Textile] Act and regulations."  16 C.F.R. § 303.42(b); 16 C.F.R. § 303.41(d); *see also* 16 C.F.R. § 303.17.

33.     A violation either of the Textile Act or of the Textile Rules constitutes an unfair or deceptive act or practice in violation of the FTC Act.  *See* 15 U.S.C. §§ 70a and 70e.

## COUNT I

34.     As set forth in Paragraphs 13 through 15, Defendants

a.     market and sell or have marketed and sold private label and retail textile fiber products labeled as "bamboo;" and

b.     advertise or have advertised the fiber content of private label and retail textile fiber products using the terms "bamboo" and "bamboo fiber."

35.     In truth and in fact, as set forth in Paragraph 16, in numerous instances these textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

36.     Therefore, through the means described in Paragraphs 13 through 15, Defendants have introduced, advertised, offered for sale, or sold private label and retail textile fiber products that are mislabeled or falsely or deceptively advertised, in violation of Sections 70a and 70b of the Textile Act, 15 U.S.C. §§ 70a and 70b, and Sections 303.6, 303.8, 303.16, 303.17, 303.18, 303.33, 303.34, 303.40, 303.41, and 303.42 of the Textile Rules, 16 C.F.R. Part 303.

//

//

37.     Defendants' violations of the Textile Act and of the Textile Rules constitute deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act. *See* 15 U.S.C. §§ 70a and 70e.

## VIOLATIONS OF PRIOR COMMISSION DETERMINATIONS CONCERNING UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN COMMERCE

38.     Pursuant to Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), if the Commission has determined in a proceeding under section 5(b) of the FTC Act, 15 U.S.C. § 45(b), that an act or practice is unfair or deceptive by issuing a final cease and desist order other than a consent order, then a person, partnership, or corporation which engages in such act or practice with actual knowledge that such act or practice is unfair or deceptive shall be liable for a civil penalty of not more than $16,000 for each violation.

39.     In prior litigated decisions, the Commission has determined that it is an unfair or deceptive act or practice to offer for sale or sell textile fiber products that are falsely or deceptively labeled as to the name or amount of constituent fiber contained therein.  The Commission also has determined that it is an unfair or deceptive act or practice to falsely or deceptively advertise textile fiber products including, but not limited to, falsely or deceptively advertising the name or amount of constituent fiber contained within a textile fiber product. *See* Paragraph 25.

## COUNT II

40.     As set forth in Paragraphs 23 through 26, at least since receiving the Warning Letter on February 2, 2010, Defendants have had actual knowledge that offering for sale or selling falsely or deceptively labeled textile products and that falsely or deceptively advertising textile fiber products are unfair or deceptive acts or practices subject to civil penalties.

41.     As set forth in Paragraphs 13 through 15, Defendants have offered for sale and sold private label and retail textile products labeled as "bamboo" and have represented, directly or indirectly, expressly or by implication, that certain private label and retail textile fiber products they advertise and sell are "bamboo."

42.     In truth and in fact, as set forth in Paragraph 16, in numerous instances these private label and retail textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

43.     Defendants have engaged in the acts and practices described in Paragraphs 41 and 42 with the actual knowledge, as set forth in Paragraph 40, that such acts and practices have been determined by the Commission in a final cease and desist order, other than a consent order, to be unfair and deceptive under Section 5(a) of the FTC Act.  Defendants, therefore, have violated Section 5(m)(1)(B) of the FTC Act.  15 U.S.C.§ 45(m)(1)(B).

## CONSUMER INJURY

44.     Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations.  In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## CIVIL PENALTIES AND INJUNCTIVE RELIEF

45.     Violations of the Textile Act constitute deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act.  *See* 15 U.S.C. §§ 70a and 70e.  The FTC "is authorized to direct and prevent any person from violating the provisions of the [Textile Act] in the same manner, by the same means, and with the same jurisdiction, powers, and duties as though all applicable terms and provisions of the [FTC Act] were incorporated" therein, and any "person violating the [Textile Act] shall be subject to the penalties" provided in the FTC Act.  15 U.S.C. § 70e(b).

46.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to restrain violations of the FTC Act, as well as such ancillary relief as is necessary.

47.     Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), authorizes the Court to award monetary civil penalties of not more than $16,000 for each violation of prior Commission determinations concerning unfair and deceptive acts or practices in commerce, as described in Paragraphs 21–29 and 40–43.

48.     Pursuant to Section 5(m)(1)(B) of the FTC Act, for the purpose of computing civil penalties, each and every instance that Defendants have introduced, advertised, offered for sale, or sold a misbranded private label or retail textile fiber product, since February 2, 2010, constitutes an act or practice that the Commission has determined in a prior proceeding to be unfair or deceptive.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, pursuant to 15 U.S.C. §§ 45(a)(1), 45(m)(1)(B), and 53(b) and the Court's own equitable powers, requests that the Court:

1.     Enter judgment against Defendants and in favor of Plaintiff for each violation of the Textile Act and the Textile Rules alleged in this complaint;

2.     Award Plaintiff monetary civil penalties pursuant to 15 U.S.C. § 45(m)(1)(B);

3.     Enter a permanent injunction to prevent future violations of the Textile Act and the Textile Rules; and

4.     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED: January 3, 2013

Of Counsel:

JAMES A. KOHM
Associate Director for Enforcement

ROBERT S. KAYE
Assistant Director for Enforcement

KORIN EWING FELIX
MEGAN A. BARTLEY
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop M-8102B
Washington, D.C. 20580
(202) 326-3556; kewing@ftc.gov
(202) 326-3424; mbartley@ftc.gov

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director


  /s/ Shannon L. Pedersen
SHANNON L. PEDERSEN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Tel: (202) 532-4490
Fax: (202) 514-8742
Shannon.L.Pedersen@usdoj.gov